IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

QUANDRAE DESHAWN HARRIS STREETER, JR.,

        Plaintiff(s),

v.

DEPUTY MINTIER and DOES 1-10,

        Defendant(s).

No. 3:25-cv-00967-HZ

OPINION & ORDER

Quandrae Deshawn Harris Streeter, Jr.
# 2400428
Washington County Jail
215 S.W. Adams Avenue, MS 35
Hillsboro, OR 97123-3874

    Plaintiff, *Pro Se*

David C. Lewis
Washington County Counsel
155 N. First Avenue, Suite 250
MS 24
Hillsboro, OR 97035

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, Senior District Judge:

This matter is before the Court on Defendant Mintier's Motion to Dismiss, ECF 10. For the following reasons Defendant's Motion is granted.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint and are accepted as true unless otherwise noted.

On July 6, 2022, Defendant Washington County Sheriff's Office ("WCSO") Deputy Mintier "responded to a call of a suspicious person with a possible gun." Compl., ECF 1, Attachment 2, at 1. The person "threw the gun and fled in a vehicle." *Id.* Mintier obtained the name and description of the suspect, which did not match Plaintiff. "On a later date," near Plaintiff's residence, Mintier saw a vehicle that was similar to the one used by the suspicious person. Mintier and another officer hid in the bushes, turned off their body cameras, and waited for Plaintiff to leave the residence. When Plaintiff exited the residence, Mintier started calling out a name unknown to Plaintiff. Plaintiff went back inside his residence. Mintier "continued to call out [the] unknown name and then enter Plaintiff's residence without knocking or a warrant." *Id*. Mintier took Plaintiff into custody and placed Plaintiff in a police vehicle. Plaintiff could hear other deputies "outside the police car stating [Plaintiff] was not the suspect they were looking for." *Id*. at 1-2. Mintier "then falsified [a] police report and transported Plaintiff to Washington County Jail" where he was held for two months. *Id*. at 2. Plaintiff's attorney "provided security video from Plaintiff's residence showing the arrest" and the District Attorney dismissed the case.

On June 5, 2025, Plaintiff filed a *pro se* Complaint against Mintier, WCSO Sheriff Caprice Massey, former WCSO Sheriff Pat Garrett, and Does 1 through 10 asserting a claim

under § 1983 for false arrest in violation of the Fourth Amendment and a claim for common law negligence.

On July 21, 2025, the Court issued an Order pursuant to 28 U.S.C. § 1915(e)(2) dismissing Plaintiff's claims against Defendants Massey and Garrett.

On September 9, 2025, Defendant Mintier filed a Motion to Dismiss. Plaintiff did not file a response and the Court took this matter under advisement on October 1, 2025.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "When reviewing a dismissal pursuant to Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes them "in the light most favorable to plaintiff." *Pino v. Cardone Cap., LLC*, 55 F.4th 1253, 1257 (9th Cir. 2022)(quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(citations and footnote omitted). "'Threadbare recitals of the elements of a cause of action' do not suffice to state a claim." *Pino*, 55 F.4th at 1257 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe pro se pleadings. *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020). Additionally, "[w]hen a plaintiff is pro se the district court is required to explain the deficiencies in a complaint, and only dismiss with prejudice if it is absolutely clear that the plaintiff could not cure the deficiencies by amendment." *Shavelson v. Hawaii C.R. Comm'n*, 740 F. App'x 532, 534 (9th Cir. 2018)(quotation omitted). *See also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015)("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.")(quotation omitted); *Hundley v. Aranas*, No. 21-15757, 2023 WL 166421, at *2 (9th Cir. Jan. 12, 2023)(same).

## DISCUSSION

Mintier moves to dismiss Plaintiff's claims on the basis that they are untimely.

**I.    False Arrest**

Plaintiff alleges he was falsely arrested in violation of the Fourth Amendment. Mintier moves to dismiss this claim on the basis that Plaintiff failed to file his Complaint within the applicable limitations period.

"State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009)(citation omitted). "Section 1983 claims are characterized as personal injury suits for statute of limitations purposes [and] Oregon's statute of limitations for such suits is two years." *Id.* (citing Or. Rev. Stat. § 12.110(1)). "'[T]he accrual date of a § 1983 cause of action is a question of federal law.'" *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019)(quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief." *Mills*, 921 F.3d at 1166 (quotation

omitted). A § 1983 claim arising from false arrest "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.

Plaintiff alleges he was arrested and detained on July 6, 2022. Plaintiff's § 1983 claim, therefore, accrued on that date, which is more than two years before he filed this action in June 2025. In addition, although Oregon allows for tolling of the limitations period for personal injury actions under certain circumstances, it does not provide for tolling during periods of incarceration. *See* Or. Rev. Stat. § 12.160. Plaintiff also has provided no basis for equitable tolling or estoppel of the limitations period. *See Lynch v. Multnomah Cnty.*, No. 1:23-CV-01434-IM, 2024 WL 5238284, at *15 (D. Or. Dec. 27, 2024)(setting out elements of equitable tolling); *Orozco v. Norton*, No. 2:20-CV-00316-MK, 2022 WL 19297254, at *4 (D. Or. Sept. 26, 2022), report and recommendation adopted, No. 2:20-CV-316-MK, 2023 WL 2666535 (D. Or. Mar. 28, 2023)(setting out elements of equitable estoppel). The Court concludes Plaintiff's § 1983 claim is untimely and grants Defendant's Motion to Dismiss that claim.

## II.     Negligence

Plaintiff's negligence claim relies on the same facts as his § 1983 claim. Oregon Revised Statute § 30.275(9) provides that "an action arising from any act or omission of a public body or an officer, employee or agent of a public body . . . shall be commenced within two years after the alleged loss or injury." The limitations period for a claim for "'alleged loss or injury' does not begin to run until a plaintiff has a reasonable opportunity to discover his injury and the identity of the party responsible for that injury." *Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 327 (2013)(quotation and emphasis omitted).

Plaintiff was aware of his injury and the identity of the party responsible for his injury when he was arrested. Plaintiff has provided no basis for statutory tolling under Or. Rev. Stat. §

12.160, equitable tolling, or equitable estoppel. The Court, therefore, concludes Plaintiff's negligence claim is untimely and grants Defendant's Motion to Dismiss that claim.

### III.    Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati, 791 F.3d at 1039* (quotation omitted). It is not absolutely clear that the deficiencies in Plaintiff's claims cannot be cured by amendment. The Court, therefore, grants Plaintiff leave to file an amended complaint to the extent that Plaintiff can allege facts sufficient to establish either tolling or equitable estoppel of the limitations period for either of his claims.

### CONCLUSION

The Court GRANTS Defendant Mintier's Motion to Dismiss, ECF 10. The Court grants Plaintiff leave to file an amended complaint as set out above no later than November 10, 2025. Failure to file an amended complaint will result in dismissal of this matter.

IT IS SO ORDERED.

DATED: October 17, 2025.

_____
MARCO A. HERNÁNDEZ
United States Senior District Judge