IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

QUANDRAE DESHAWN HARRIS STREETER, JR.,

        Plaintiff(s),

v.

DEPUTY MINTIER,

        Defendant(s).

No. 3:25-cv-00967-HZ

OPINION & ORDER

Quandrae Deshawn Harris Streeter, Jr.
# 2400428
Washington County Jail
215 S.W. Adams Avenue, MS 35
Hillsboro, OR 97123-3874

    Plaintiff, *Pro Se*

David C. Lewis
Washington County Counsel
155 N. First Avenue, Suite 250
MS 24
Hillsboro, OR 97035

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, Senior District Judge:

This matter is before the Court on Defendant Deputy Mintier's Motion to Dismiss Amended Complaint, ECF 13. For the following reasons Defendant's Motion is denied.

## BACKGROUND

The following facts are taken from Plaintiff's initial Complaint and are accepted as true unless otherwise noted.

On July 6, 2022, Defendant Washington County Sheriff's Office ("WCSO") Deputy Mintier "responded to a call of a suspicious person with a possible gun." Compl., ECF 1, Attachment 2, at 1. The person "threw the gun and fled in a vehicle." *Id.* Mintier obtained the name and description of the suspect, which did not match Plaintiff. "On a later date," near Plaintiff's residence, Mintier saw a vehicle that was similar to the one used by the suspicious person. Mintier and another officer hid in the bushes, turned off their body cameras, and waited for Plaintiff to leave the residence. When Plaintiff exited the residence, Mintier started calling out a name unknown to Plaintiff. Plaintiff went back inside his residence. Mintier "continued to call out [the] unknown name and then enter Plaintiff's residence without knocking or a warrant." *Id*. Mintier took Plaintiff into custody and placed Plaintiff in a police vehicle. Plaintiff could hear other deputies "outside the police car stating [Plaintiff] was not the suspect they were looking for." *Id*. at 1-2. Mintier "then falsified [a] police report and transported Plaintiff to Washington County Jail" where he was held for two months. *Id*. at 2. Plaintiff's attorney "provided security video from Plaintiff's residence showing the arrest" and the District Attorney dismissed the case.

On June 5, 2025, Plaintiff filed a *pro se* Complaint against Mintier, WCSO Sheriff Caprice Massey, former WCSO Sheriff Pat Garrett, and Does 1 through 10 asserting a claim

under § 1983 for false arrest in violation of the Fourth Amendment and a claim for common law negligence.

On July 21, 2025, the Court issued an Order pursuant to 28 U.S.C. § 1915(e)(2) dismissing Plaintiff's claims against Defendants Massey and Garrett.

On September 9, 2025, Defendant Mintier moved to dismiss the Complaint. On October 17, 2025, the Court granted Defendant's Motion on the basis that Plaintiff's claims were untimely. The Court, however, granted Plaintiff leave to file an amended complaint to the extent that Plaintiff could allege facts sufficient to establish tolling of the limitations period for either of his claims.

On November 6, 2025, Plaintiff filed an Amended Complaint in which he did not allege new underlying facts, but asserts the Court should toll the limitations period pursuant to Oregon Revised Statute § 12.160(3).

On November 20, 2025, Defendant moved to dismiss Plaintiff's Amended Complaint. Plaintiff did not file a response and the Court took Defendant's Motion under advisement on December 9, 2025.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "When reviewing a dismissal pursuant to Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construes them "in the light most favorable to plaintiff." *Pino v. Cardone Cap., LLC*, 55 F.4th 1253, 1257 (9th Cir. 2022) (quotation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citations and footnote omitted). "'Threadbare recitals of the elements of a cause of action" do not suffice to state a claim." *Pino*, 55 F.4th at 1257 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

Courts must liberally construe pro se pleadings. *Wilk v. Neven*, 956 F.3d 1143, 1147 (9th Cir. 2020). Additionally, "[w]hen a plaintiff is pro se the district court is required to explain the deficiencies in a complaint, and only dismiss with prejudice if it is absolutely clear that the plaintiff could not cure the deficiencies by amendment." *Shavelson v. Hawaii C.R. Comm'n*, 740 F. App'x 532, 534 (9th Cir. 2018) (quotation omitted). *See also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotation omitted); *Hundley v. Aranas*, No. 21-15757, 2023 WL 166421, at *2 (9th Cir. Jan. 12, 2023) (same).

## DISCUSSION

Mintier moves to dismiss the Amended Complaint on the basis that Plaintiff has not adequately pled facts to support tolling of the limitations period.

"'When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions in the complaint, read with the required liberality, would not permit

the plaintiff to prove that the statute was tolled.'" *Derby v. Columbia Cnty.*, No. 3:21-CV-1030-HL, 2022 WL 1090531, at *9 (D. Or. Feb. 8, 2022), report and recommendation adopted, No. 3:21-CV-1030-HL, 2022 WL 1078609 (D. Or. Apr. 11, 2022) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

"State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted). Plaintiff asserts the two-year limitations period for his § 1983 and negligence claims should be tolled because he has a disabling mental condition under Or. Rev. Stat. § 12.160(3), which provides:

> [I]f a person is entitled to bring an action . . . and at the time the cause of action accrues the person has a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know, the statute of limitation for commencing the action is tolled for so long as the person has a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know.

Plaintiff alleges in his Amended Complaint that "after going through [the 2022 arrest he] had a lot of trouble coping with reality being the way [he] was treated by officers." Am. Compl., ECF 12, at 1. Plaintiff was evaluated by mental health counselors in early 2024 and "was diagnosed with anxiety and severe depression." Am. Compl. at 1-2. "[T]he extent of the disabling effects of a mental condition is normally a question of fact," *Gaspar v. Vill. Missions*, 154 Or. App. 286, 292 (1998), and the Court must liberally construe pro se pleadings. The Court, therefore, concludes that Plaintiff has sufficiently alleged facts to survive Defendant's Motion to Dismiss. Whether Plaintiff can satisfy the requirements for tolling under ORS 12.160(3) needs further factual development, and the question of whether ORS 12.160(3) applies is one that is more appropriately resolved at summary judgment. Accordingly, the Court denies Defendant's Motion to Dismiss.

5 – OPINION & ORDER

## CONCLUSION

The Court DENIES Deputy Mintier's Motion to Dismiss Amended Complaint, ECF 13.

IT IS SO ORDERED.

DATED: December 16, 2025 .

 *Marco Hernandez*
MARCO A. HERNÁNDEZ
United States Senior District Judge